NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BARRY SIMON JAMESON,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 25-338

D.C. No.
2:23-cv-01305-SCR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Sean C. Riordan, Magistrate Judge, Presiding

Submitted July 15, 2026[**]

Before: McKEOWN, OWENS, and LEE, Circuit Judges.

Barry Simon Jameson appeals pro se from the district court's judgment

dismissing as moot his petition for a writ of administrative mandamus seeking a

hearing before the Social Security Administration (SSA). "We review a district

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's determination of mootness de novo." *Arnold v. United States*, 816 F.2d 1306, 1309 (9th Cir. 1987).  We likewise review de novo whether administrative remedies have been properly exhausted.  *Haw. Disability Rights Ctr. v. Kishimoto*, 122 F.4th 353, 363 (9th Cir. 2024).  As the parties are familiar with the facts, we do not recount them here.  We affirm.

1. The district court correctly dismissed Jameson's petition for a writ of administrative mandamus as moot.  A case is moot when events occurring after a complaint is filed eliminate the live controversy between the parties, such that the court can no longer provide any effective relief to the plaintiff.  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009); *see also Nw. Env't Def. Ctr. v. Gordon*, 849 F.2d 1241, 1245 (9th Cir. 1988).  Federal cases require that "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (citation omitted).

Here, the only live controversy was eliminated because the SSA held Jameson's requested hearing while his petition was pending.  Jameson filed a petition for writ of administrative mandamus asking the court to "direct the Social Security Administration (SSA) to perform their administrative duties and allow Jameson to have a hearing."  Jameson told defense counsel that "if a hearing was finally held while the petition was pending, [he] would of course agree to dismiss

[his] petition as moot." While the petition was pending, the SSA held a hearing before an Administrative Law Judge (ALJ) in January 2024, and the ALJ issued an unfavorable decision in February 2024. Thus, the action was moot.

2. Contrary to Jameson's contention, no more live controversies remain. Jameson seeks judicial review of the merits of the February 2024 ALJ decision, but he failed to exhaust his administrative remedies.[1]

A claimant must obtain a "final decision of the Commissioner of Social Security made after a hearing" before seeking judicial review. 42 U.S.C. § 405(g). A decision is only final once a claimant has completely exhausted administrative remedies. 20 C.F.R. § 416.1400(a)(5); *see also Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) ("A final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies."). If a claimant has not exhausted the administrative review process, the complaint must be dismissed. *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("A claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprives the district court of jurisdiction.").

Jameson cannot seek review of the 2024 ALJ decision in this action because

---

[1] Jameson also argues that the ALJ improperly failed to address his request to waive recoupment of overpayment. The issue of the waiver was not before the ALJ at the 2024 hearing because Jameson did not file the proper waiver form with the SSA until afterwards.

he did not exhaust administrative remedies.  Jameson was notified that if he disagreed with the 2024 ALJ decision he could file an appeal with the Appeals Council.  He was also informed that if he did not appeal to the Appeals Council, and the Appeals Council did not review the ALJ decision on its own, he would lose his right to a federal court review.  Jameson did not appeal the ALJ decision to the Appeals Council, so he did not exhaust the administrative review process.

**AFFIRMED.**

25-338